UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ASHLEY BOHANNAN, individually and A/N/F [of] L.D., a minor child, §<br>        Plaintiff, § § §<br>v. § §<br>WEST INDEPENDENT SCHOOL § DISTRICT; BOARD OF TRUSTEES; and § individuals in their official capacities, § DAVID TRUITT, SUPERINTENDENT; § DR. RICHARD PHILLIPS ASSISTANT § PRINCIPAL; CARI DETLEFSEN, § PRINCIPAL; KASSIE FITZHUGH, § TEACHER; JENNY TACKER, § SECRETARY; and DEBBIE PAVLICEK, § REGISTRAR, §<br>        Defendants. § | CIV. ACTION 6:20-cv-01079-ADA-JCM |

### DEFENDANT WEST INDEPENDENT SCHOOL DISTRICT'S
### FIRST AMENDED MOTION TO DISMISS

TO THE HONORABLE ALAN D. ALBRIGHT, UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant West Independent School District ("West ISD" or "the District"), and files this its First Amended Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12 (b)(6) in response to Plaintiff's Original Petition in state court (DE 1-1, pp. 10-29) and, to the extent required, Plaintiff's [Second] Amended Complaint (DE 17). While Defendant's Motion to Strike the amended pleading is still pending, Defendant files this First Amended Motion to Dismiss out of an abundance of caution pursuant to Federal Rule 15(a)(3). In support of this Motion, Defendant shows as follows:

### I. INTRODUCTION, BACKGROUND, AND NATURE OF CLAIMS

1.    Plaintiff Ashley Bohannan ("Plaintiff"), individually and as next friend of her minor child, L.D. ("L.D."), filed her Original Petition in the 414th Judicial District Court, McClennan

1

County, Texas on October 26, 2020. (DE 1-1, p. 10). She alleged the District improperly allowed her ex-husband to withdraw their child from the District. Plaintiff asserted common law tort claims, but she also asserted claims for violations of "due process" generally, "civil rights," and violations of the Fourteenth Amendment, invoking 42 U.S.C. § 1983. Based on Plaintiff's assertion of a federal claim, Defendant removed this case to federal court. (DE 1). Plaintiff has since filed a Motion to Remand to which Defendant responded. (DE 7, 10).

2.    Plaintiff sought and received additional time to respond to Defendant's original Motion to Dismiss. (DE 8 and Text Order of December 30, 2020). The Court entered a Scheduling Order on January 12, 2021, which required filing of any Motion to Amend by January 15, 2021. (DE 15). Plaintiff filed no such motion, so when Defendant's counsel received notice of filing Plaintiff's First Amended Original Petition, and her corrected version of the same pleading, on January 19, 2021, it filed a Motion to Strike, requesting an expedited ruling. (DE 16, 17, 19). Although Plaintiff expressed in her Motion to Remand an intention to abandon any federal claim, her latest filings reinforce the need for this Court to decide this case. Her new filings, if accepted, continue to refer to various federal statutes, civil rights, and to an alleged "special relationship," and other language reminiscent of state-created danger cases, that she thinks could give rise to liability. (DE 17, pp. 5, 8, 12, 21-22, 23, 31, 36, 43, and 46).

3.    Plaintiff's Original Petition named the "Board of Trustees" and various individual employees of West ISD as "individuals in their official capacities." Her proposed amended pleading still contains this reference in the caption, but the body of her pleading discusses "individuals in their official and individual capacities." Plaintiff originally requested and served one citation, claiming, "DEFENDANTS are a Government unit and political subdivision of the state…." (DE 1-1, p. 11). Plaintiff has now issued requests for waiver of service of summons

from the individual defendants, but no individual is required to appear yet, nor should they ever be required to do so, as discussed in detail below. The governing body is not a separate legal entity from the District, and suits against employees in their official capacity are properly treated as duplicative of claims against the entity itself.[1] Even if the individuals were required to appear, neither the Plaintiff's Original Petition nor her amended pleading is sufficient to bring separate claims against individuals, and the District is entitled to dismissal of its employees immediately.[2]

4.     Plaintiff's Original Petition included three specific headings related to common law tort causes of action, namely, negligence and gross negligence, negligent misrepresentation, and intentional infliction of emotional distress ("IIED"). (DE 1-1, pp. 22, 25, 26). Her new proposed filings repeat the original claims and add three more "cause of action" sections. These added sections assert additional tort theories and state constitutional claims for money damages. (DE 17, pp. 46-50). Neither the District nor any of its employees or officials can be held liable for any of the tort theories under state law, according to the Texas Tort Claims Act, the Texas Education Code, and common law.[3] The same is true for any state constitutional claims as well.[4] As such, Plaintiff has no pleadings to support a legitimate or viable state law claim. Depending on the pleading ultimately accepted by the Court, Plaintiff is left with only her loosely stated allegations of violations of "civil rights," "due process," possibly the "14th Amendment," pursuant to 42 U.S.C. § 1983, "special relationship," and other references to federal law or claims. (DE 1-1, p. 26; DE 17, pp. 5, 8, 12, 21-22, 23, 31, 36, 43, and 46).

---

[1]     *Jathanna v. Spring Branch Indep. Sch. Dist.*, No. CIV.A. H-12-1047, 2012 WL 6096675, at *4 (S.D. Tex. Dec. 7, 2012); *Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690 n. 55. (1978).
[2]     TEX. CIV. PRAC. & REM. CODE § 101.106(e).
[3]     TEX. CIV. PRAC. & REM. CODE §§ 101.057(2), 101.021, and 101.051; TEX. EDUC. CODE § 22.0511; *Chapman v. Gonzales*, 824 S.W.2d 685, 687 (Tex. App.—Houston [14th Dist.] 1992, writ ref'd.).
[4]     *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995).

5.     Plaintiff has not identified a specific right of constitutional significance of which she allegedly has been deprived, nor has she identified any policy of the District that was the moving force behind any alleged violation. Plaintiff's suit is insufficient to state a federal civil rights claim and is properly dismissed. The Original Petition and the amended pleading, if accepted, also fail to state any tort, or state constitutional claim, for which relief can be granted. The District found itself in the middle of a bitter child custody dispute, and at all times, it complied with its obligations under the law. While disheartening to Plaintiff, the circumstances do not support a private right of action of any kind. Defendant asks the Court to dismiss this case in its entirety.

## II. STANDARD OF REVIEW

6.     A Rule 12(b)(6) motion only tests whether the claim has been adequately stated in the complaint. Thus, the Court's inquiry is limited to the content of the claim. *See Mahone v. Addicks Util. Dist. of Harris Cnty.*, 836 F.2d 921, 935 (5th Cir. 1988). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief, and the Court is not required to conjure up unpled allegations. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Dismissal is proper only if there is either: (1) "the lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Pol. Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,"

and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences must be resolved in favor of a plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Comm'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994); *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (finding, "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

### III. ARGUMENT AND AUTHORITIES

**A.    Plaintiff's civil rights, due process, or any federal claim against the District must be dismissed.**

   *1.    Plaintiff fails to allege a violation of a specific right secured by the Constitution or laws of the United States.*

7.    To state a claim under Section 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States, and demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Further, a municipality is only liable if the Section 1983 deprivations of constitutional rights were inflicted pursuant to an official policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001), cert. denied, 534 U.S. 820 (2001). Accordingly, the first step in determining whether Plaintiff has stated a claim against West ISD is to determine if she had a right "secured by the Constitution or laws of the United States" that was violated. Here, Plaintiff generally alleges a claim against West ISD for violations of "civil rights," the Fourteenth Amendment, and more generally, "due process," and "special relationship" pursuant to 42 U.S.C. § 1983, or some other unidentified theory. (DE 1-1, p. 26; DE 17, pp. 5, 8, 12, 13, 20, 21-22, 23, 31, 36, 37, 38, 41, 43, and 46). Her allegations fail to meet the initial requirement for stating a Section 1983 claim, or

any federal claim, as a matter of law. "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995). Plaintiff has not explained exactly what constitutional or federal interest was infringed.

> ## 2. *Even if Plaintiff could allege a violation of a right secured by the Constitution or laws of the United States, as required for any 42 U.S.C. § 1983 claim, her pleadings fall far short of sufficiently stating a claim.*

8. Although any characterization of Plaintiff's pleadings as a 42 U.S.C. § 1983 claim must be dismissed for the reasons explained above, her pleadings are also insufficient in several other respects. To establish liability against the District under Section 1983, it is not enough to allege that Plaintiff or her child suffered a constitutional violation; instead, she must allege facts to show that the District itself is *actually responsible* for any alleged constitutional violations. *Collins v. City of Harker Heights*, 503 U.S. 115, 127 (1992); *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). For the District to be held directly responsible for any alleged constitutional violations, Plaintiff must plead facts showing that: (i) a policymaker, with final policy-making authority; (ii) acted pursuant to an official policy; and (iii) that the official policy was the moving force behind the alleged violation of Plaintiff or her child's constitutional rights. *See Piotrowski*, 237 F.3d at 578 (finding that unconstitutional conduct of an employee must be directly attributable to the municipality through official action or imprimatur; isolated unconstitutional actions by municipal employees almost never trigger liability); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996). Plaintiff does not allege facts that satisfy these requirements. Plaintiff likewise fails to offer any facts that could demonstrate a

6

special relationship in the school setting. *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 863 (5th Cir. 2012).

> a. *Plaintiff alleges only conclusory statements and offers no specific facts showing any policy or custom existed.*

9. Plaintiff also failed to identify any policy or custom which allegedly caused a deprivation of civil rights. The Fifth Circuit defines an official policy as: (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a "custom" that fairly represents municipal policy. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*per curiam*), *aff'd in relevant part on rehearing*, 739 F.2d 993 (5th Cir. 1984) (*en banc*). Plaintiff makes only a handful of references to District policies, but she never alleges that any were the moving force behind a violation. Instead, to the extent the references even relate to alleged errors, they suggest employee departures from policy that cannot give rise to District liability. *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). Plaintiff alleges no facts about injurious policies and procedures, or that anyone acted pursuant to an official District policy or a persistent or widespread practice that was so common as to constitute a custom.[5] Plaintiff offers no pleading that shows any policy caused any injury.

---

[5] In assessing whether a pervasive "custom" exists, the plaintiff is required to present facts showing that policymakers knew of the conduct or that the conduct was so widespread that they should have known. *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). "Actual or constructive knowledge of such custom must be attributable to a governing body of the municipality or to an official to whom that body had delegated policy-making authority." *Webster*, 735 F.2d at 841. Here, Plaintiff fails to offer any facts that any complained of conduct or omissions were widespread or pervasive. Based on Plaintiff's allegations, and viewing them in the most favorable light to Plaintiff, she appears to allege, at best, an isolated incident.

At best, Plaintiff may be arguing that the District's failure to create a policy or procedure that she believes should have been in place led to any alleged harm. Such allegations fall far short of alleging a specific policy, custom, practice, or procedure as required to state a claim under Section 1983. Now that Plaintiff has also alleged circumstances reminiscent of a state-created danger theory, it is important to note such theory has been repeatedly rejected in contexts where a state actor did not subject the plaintiff to a physical assault or restraint. *Beltran v. City of El Paso*, 367 F.3d 299, 307 (5th Cir. 2004); *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 858 (5th Cir. 2012).

> b. *Plaintiff fails to allege any individual with final policy-making authority acted pursuant to an official policy.*

10.  Plaintiff's allegations are also insufficient because she has failed to identify any individual with final policy-making authority. (DE 10, p. 3). Liability cannot be imposed upon a governmental entity based on an isolated decision or action taken by an employee unless that employee had final policy-making authority for the challenged act under state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-26, (1988); *Okla. City v. Tuttle*, 471 U.S. 808, 818-19, (1985). In Texas, "the final policy-making authority in an independent school district rests with the district's board of trustees." *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995) (citing *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993); TEX. EDUC. CODE §§ 11.051; 11.151. Plaintiff has stated no facts that the Board made any official policy causing any injury or that it ever delegated policy-making authority on any relevant issue. As such, Defendant asks the Court to dismiss any perceived Section 1983 claims against the District.

**B.      Plaintiff's common law tort claims must also be dismissed.**[6]

   *1.      The District is currently the only defendant.*

11.     Plaintiff alleges causes of action for negligence and gross negligence, negligent misrepresentation, intentional infliction of emotional distress, premises liability, negligent training, supervision, and retention, "negligent disciplinary," conspiracy, and invasion of privacy. Plaintiff requested issuance of only one citation for the District itself. Although she included the Board of Trustees and various District employees in the style and preamble of her suit, she has only effectively sued the District. Requests for waivers to the individuals are outstanding. The Board of Trustees is the governing body of the District, but it is not a separate legal entity. *Jathanna v. Spring Branch Indep. Sch. Dist.*, No. CIV.A. H-12-1047, 2012 WL 6096675, at *4 (S.D. Tex. Dec. 7, 2012). The Board may "sued and be sued," but it must be sued "in the name of the District." *Id.*; TEX. EDUC. CODE § 11.151. The District, not the Board of Trustees, is the only proper defendant.[7]

12.     Similarly, suits against District employees in their official capacities are, in actuality, a suit against the District itself. It is well established that suing a government official in his or her official capacity is another way of pleading against the entity of which the official is an agent. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *Monell v. Department of Social Services of the*

---

[6]     The District respectfully requests the Court exercise its pendent jurisdiction over Plaintiff's state law tort claims. The ends of judicial economy, convenience, and fairness are served by not remanding the remaining causes of action to state court when the claims arise from the same nucleus of operative fact, and the law is clear that such claims have no viability. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-26 (1966).

[7]     "In the context of parties, a school district and its board of trustees, acting in its official capacity only, are one and the same entity." *New Caney Indep. Sch. Dist. Bd. of Trustees v. Burnham Autocountry, Inc.*, 960 S.W.2d 957, 958 (Tex. App.—Texarkana 1998, no pet.). "Because the Board of Trustees lacks the capability to be sued in its own right, and because Jathanna has also sued the ISD, the Board is entitled to be dismissed. Its continued presence in this suit is both redundant and improper." *Jathanna*, 2012 WL 6096675, at *4.

*City of New York,* 436 U.S. 658, 690 n. 55. (1978). An official capacity suit is to be treated as a suit against the entity itself. *Kentucky,* at 473 U.S. at 170-71; *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). Suits against governmental officers in their official capacity are indistinguishable from suits against the governmental entity they represent. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). In such cases, the official capacity claims should be dismissed. *Id.; Kentucky,* 473 U.S. at 165; *see also Flores v. Cameron County, Texas,* 92 F.3d 258, 261 (5th Cir. 1996) (dismissing claims against county judge in his official capacity as redundant of claims against Cameron County). Accordingly, even if Plaintiff accomplished any form of service, the Court would be obliged to dismiss claims against individual defendants in their official capacities because the claims are redundant and indistinguishable from claims against the District.

13.  If, for whatever reason, including any review of Plaintiff's amended pleadings, the Court regarded any claims against individuals as implicating distinguishable, additional claims, the District requests immediate dismissal of its employees under the Texas Tort Claims Act's election of remedies provision. TEX. CIV. PRAC. & REM. CODE § 101.106(a) & (e).

> The TTCA provides a limited waiver of immunity for certain suits against Texas governmental entities. But a plaintiff who sues under the TTCA must elect pursuant to § 101.106 of that act between suing a governmental unit and suing an employee of that unit. A plaintiff's suit under the TTCA "against a governmental unit constitutes an irrevocable election by the plaintiff" and bars suit "against any individual employee of the governmental unit regarding the same subject matter." … If the plaintiff sues both the governmental unit and any of its employees under the TTCA, "the employees shall immediately be dismissed on the filing of a motion by the governmental unit." As the Supreme Court of Texas has explained, the provision's "apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable."

*Bustos v. Martini Club Inc.*, 599 F.3d 458, 462 (5th Cir. 2010) (internal citations omitted). If a plaintiff brings virtually any state common law tort claim against both a governmental unit and

its employees, § 101.106(e) requires dismissal of the employees upon motion of the governmental unit. *Id*. at 463; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). This holding also applies to intentional torts. *Id*. Although the result would have to be the same under § 101.106(e), Plaintiff has not averred that she complied with any notice provision before asserting her tort claims, which are prerequisites to suit.[8] The individuals have been named in their official capacity only, and the District is entitled to their dismissal.[9]

### 2. *The District has immunity from Plaintiff's tort claims.*

14. The District itself cannot be liable for any negligence that does not involve use or operation of a motor vehicle. TEX. CIV. PRAC. & REM. CODE §§ 101.021 & 101.051. *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992). It is axiomatic that cities and school districts are not on the same footing for purposes of immunity. *City of Baytown v. Townsend*, 548 S.W.2d 935, 941 (Tex. Civ. App.—Houston [14th Dist.], writ ref'd n.r.e.). The District is also immune from intentional torts. TEX. CIV. PRAC. & REM. CODE § 101.057(2). Plaintiff has alleged no claim that involves use or operation of a motor vehicle. She has not pled any means to avoid the District's governmental immunity. As such, her tort claims must be dismissed. Notably, the only tort claim that even references a potential waiver for individuals ("negligent disciplinary") is only asserted against the District itself. (DE 17, p. 46). Moreover, Plaintiff has not alleged that anyone actually engaged in any discipline of her student.

**C.    None of Plaintiff's new state constitutional claims are viable.**

15. None of Plaintiff's new tort claims are viable, and neither are her claims for money damages under the state constitution. Plaintiff's new pleadings, if accepted, allege that her

---

[8]    TEX. CIV. PRAC. & REM. CODE § 101.101; TEX. EDUC. CODE §§ 22.0513 & 22.514.
[9]    If the Court finds, for any reason, that the claims asserted permit the case to move forward against any individuals not yet served with this suit, Defendant reserves the right to assert additional defenses as may be appropriate at the time of such a determination and service.

allegations support claims for violation of rights under the Texas Constitution: Art I, section 27 (freedom to petition); Art I, section 19, (due course of law); Article I, section 19 (unreasonable search and seizure); and Article III, sections 3 and 51 (improper use of public funds). To obtain relief for any of these claims, Plaintiff would have to show an ongoing violation of a constitutional right and seek injunctive, declaratory, or other non-monetary relief. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009) (noting that immunity bars claims for past statutory violations and monetary damage claims but not declaratory claims to prevent future violations). Plaintiff has not sought declaratory or injunctive relief or alleged any *ultra vires* actions to avoid the immunity bar. She has not alleged any conduct outside the course and scope of employees' performance of their job duties. She has not alleged any violation of duties to conduct ministerial acts. Plaintiff has only alleged that the lawful release of the student to his biological father created these alleged state constitutional violations, and she does not contend any ongoing government action needs to be enjoined.

16. Plaintiff seeks no equitable relief of the kind permitted for state constitutional claims, and even those claims are barred when they merely represent an effort to circumvent the government's immunity from claims for money damages. *Texas Nat. Res. Cons. Comm'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002); *see also City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995) (holding there is no implied private right of action for damages arising under the free speech and free assembly sections of the Texas Constitution); *Smith v. City of League City*, 338 S.W.3d 114, 127 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (finding a due process claim seeking monetary damages does not invoke the trial court's jurisdiction); and *Nueces Cty. v. Ferguson*, 97 S.W.3d 205, 217 (Tex. App.—Corpus Christi-Edinburg 2002, no pet.) (noting that suits brought pursuant to state constitutional provisions are limited to equitable relief and do

not allow a claim for monetary damages except to the extent specifically enunciated in the constitutional provision). No provision cited by Plaintiff has a self-enacting provision for monetary claims. Moreover, Plaintiff's factual allegations show that she was allowed to petition to the school board and Commissioner of Education, and through that process, she was provided due course of law. Her student was never seized or searched by public officials. The student was in the District's lawful care with Plaintiff's consent, and he was released to the lawful (and required) custody of his father. Plaintiff has never contested the existence or legitimacy of the family court order relied upon by District officials; she simply argues against its propriety. (DE 17, p. 5, (noting certain rights of both parents and "exclusive" rights of the father)). Such an argument can only result in relief in the family law court adjudicating the parents' respective rights.

17. Plaintiff's proposed new pleadings are futile because none of the new claims are viable on their face. Mere recitation of new claims, without adequate factual allegations and an explanation of their viability, is not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). No opportunity to amend is required when "it is apparent that the defects are incurable." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Moreover, as Defendant briefed previously, an amendment may not be used simply to defeat federal jurisdiction. *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir 1992); *Guillot v. Bellsouth Telecommunications, Inc.*, 923 F. Supp. 112, 113-14 (W.D. La.), aff'd, 100 F.3d 953 (5th Cir. 1996).[10] Even if the court were to grant leave, no claim has been stated.

---

[10] Notwithstanding Plaintiff's removal of her prior references to 42 U.S.C. § 1983, her new filing continues to refer to various federal statutes and civil rights, and it even goes to some length in describing an alleged "special relationship," and language reminiscent of state-created danger cases, that she thinks could give rise to liability. (DE 17, pp. 5, 8, 12, 21-22, 23, 31, 36, 43, and 46). Such references are typically asserted to support federal due process claims,

18. Plaintiff's recitation of various additional statutes also avails her nothing. Neither Plaintiff's Original Petition nor her late-filed amended pleadings have stated any constitutional, statutory, or regulatory provision that waives immunity and gives rise to a private right of action. *See Deleon v. Cantrell*, No. 7:16-CV-00038-O-BP, 2017 WL 1857443, at *4 (N.D. Tex. Apr. 20, 2017), report and recommendation adopted, No. 7:16-CV-00038-O, 2017 WL 1832061 (N.D. Tex. May 5, 2017) (dismissing with prejudice for lack of a private right of action under the Texas Family Code); *see also S.N.B. v. Pearland Indep. Sch. Dist.*, 120 F. Supp. 3d 620, 632 (S.D. Tex. 2014) (finding no Texas Family Code private right of action and finding amendment futile to avoid application of Section 101.106 of the Texas Tort Claims Act); *see also Smith v. Wilmington Sav. Fund Soc'y FSB as Tr. for Stanwich Mortg. Loan, Tr.*, No. 3:18-CV-2065-G-BH, 2019 WL 2996571, at *11 (N.D. Tex. June 14, 2019), report and recommendation adopted, No. 3:18-CV-2065-G (BH), 2019 WL 2995943 (N.D. Tex. July 8, 2019), appeal dismissed sub nom. *Smith v. Wilmington Sav. Fund Soc'y, FSB as trustee for Stanwich Mortg. Loan Tr.* A, No. 19-10787, 2019 WL 7576721 (5th Cir. Oct. 18, 2019) (finding Texas does not recognize private causes of action for Penal Code violations). As such, Defendant's Motion to Strike should be granted. Alternatively, even if additional claims are permitted, this case should be dismissed.

**D.     All of Plaintiff's claims are barred by the applicable periods of limitations.**

19. While limitations is an affirmative defense, it is well-settled in the Fifth Circuit that "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling

---

although they have been repeatedly rejected in the contexts where a state actor did not subject the plaintiff to a physical assault or restraint. *Beltran*, 367 F.3d at 307; *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 858 (5th Cir. 2012). Despite the futility of such claims, these references reinforce the point that remand remains improper. Plaintiff's Response to Defendant's Motion to Strike also invoked the Fourteenth Amendment, but she has not articulated the basis for any such claim. (DE 20, pp. 4, 10).

or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *accord*, *Neel v. Rehberg*, 577 F.2d 262, 264 (5th Cir. 1978). Plaintiff filed her Original Petition in state court on October 26, 2020. (DE 1-1, p. 10). There can be no question that each of Plaintiff's causes of action accrued on October 17, 2018, when she claims she was informed of her son being withdrawn from West Elementary School. (DE 1-1, p. 16; DE 17, p. 10). Plaintiff's ex-husband securing lawful custody of her child serves as the underpinning of all of her claims in this lawsuit. Actions brought pursuant to 42 U.S.C. § 1983 borrow the general or residual state limitations period for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Texas, applying the "general or residual" personal injury statute of limitations means applying the two-year period. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015); TEX. CIV. PRAC. & REM. CODE § 16.003. Plaintiff's state tort claims are also governed by a two-year limitations period. TEX. CIV. PRAC. & REM. CODE § 16.003; *Zurita v. Lombana*, 322 S.W.3d 463, 473 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). *Envtl. Procedures, Inc. v. Guidry*, No. 14–05–01090–CV, 2008 WL 1746087, at *9 (Tex. App.—Houston [14th Dist.] April 17, 2008, no pet.). As such, the face of Plaintiff's Original Petition establishes that all her claims are time-barred and appropriately dismissed.

20.  While this defense is apparent from the face of the pleadings, it would only apply to the parent's claims, L.D. having not reached majority. Nevertheless, Plaintiff cannot continue in this forum *pro se*, in pursuit of any interest of her minor son. *Francine v. Dallas Indep. Sch. Dist.*, No. CIV.A. 3:02-CV-1853-, 2003 WL 21501838, at *3 (N.D. Tex. June 25, 2003) citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978), *Guajardo v. Luna*, 432 F.2d 1324 (5th Cir. 1970), and other cases; *see also K.F. ex rel. Mary R. v. Houston Indep. Sch. Dist.*, 548 F. App'x 964, 965 (5th Cir. 2013) (affirming a district court's dismissal of claims under 42 U.S.C. § 1983

15

against a special education hearing officer brought by a parent *pro se* as next friend of her son). Regardless, no claim has been stated in any pleading for which relief could be granted to either the parent or student, and dismissal of all claims remains proper.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant urges the Court to deny Plaintiff any and all relief demanded in her Original Petition, or any amended pleading the Court might choose to allow; dismiss Plaintiff's federal claims and exercise its pendent jurisdiction to dismiss state law claims with prejudice; assess costs against Plaintiff; and award Defendant its reasonable attorneys' fees and costs of suit. Defendant specifically requests reasonable attorneys' fees and costs of suit pursuant to Texas Education Code § 11.161 and 42 U.S.C § 1988, and asks the Court to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Todd A. Clark*
TODD A. CLARK
State Bar No. 04298850
JOEY W. MOORE
State Bar No. 24027523
WALSH GALLEGOS TREVIÑO
RUSSO & KYLE P.C.
505 E. Huntland Drive, Suite 600
Austin, Texas 78752
Telephone: (512) 454-6864
Facsimile: (512) 467-9318
tclark@wabsa.com
jmoore@wabsa.com

ATTORNEYS FOR DEFENDANT WEST
INDEPENDENT SCHOOL DISTRICT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of February, 2021, the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system, and a true and correct copy was served upon Plaintiff *pro se* as follows:

| | |
|---|---|
| Ms. Ashley Bohannan<br>144 C.R. 1769<br>Clifton, Texas 76634 | *Via Electronic Case Filing and*<br>*Email: ashleybohannan.motox@gmail.com*<br><br>*/s/ Todd A. Clark*<br>Todd A. Clark |